IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SARAH BALDERAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:21-cv-48 |
| | § | |
| ALORICA INC. | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## COMPLAINT

Plaintiff, SARAH BALDERAS, files this Complaint and Jury Demand against Defendant ALORICA INC., (Alorica) alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA") and the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

### I.

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff  SARAH BALDERAS is a resident of Travis County, Texas.

2.      Defendant ALORICA INC. is an entity which can be served with Citation through its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.      This Court has jurisdiction to hear the merits of Ms. Balderas' claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

4.      Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Travis County, Texas.

5.      Ms. Balderas filed a complaint with the United States Equal Employment Opportunity Division on April 2, 2020, which was cross-filed with the Texas Workforce Commission Civil Rights Division. Her Notice of Right to Sue from the EEOC is dated November 5, 2020.  This lawsuit was filed on January 11, 2021, within 90 days from the date Ms. Balderas received the right to sue notice.

## II.

### FACTUAL BACKGROUND

6.      Ms. Balderas began working for Alorica in or around June 2015 as a Recruiter. She remained in that position until her termination in June 2019.

7.      Ms. Balderas began a period of intermittent FMLA leave in November 2017.  Ms. Balderas notified HR of the need for the FMLA leave, and they in turn notified their leave administrator, who told Ms. Balderas' supervisor.   The FMLA leave was requested because her son was born with several disabilities, and she needed to take intermittent time off to care for him.  Ms. Balderas communicated regularly with her supervisor about the nature of her son's condition and the reason she needed to take the leave.

8.      On June 21, 2019, while Ms. Balderas was still taking intermittent FMLA leave, Alorica terminated her employment.  The reason given, lack of professionalism, is a pretext for discriminating against her because of her association with her disabled son.

9.      In July 2019, Ms. Balderas filed a complaint with the United States Department of Labor. On June 18, 2020, the Department of Labor issued a letter which stated that "Based on the findings of the FMLA investigation conducted by the Wage and Hour Division (WHD) of the above named employer [Alorica], you were found to be owed $28,365.38 in unpaid

compensation, for the period beginning 06-21-2019 and ending 12-14-2019. Specifically, the company violated the FMLA by terminating your employment while on FMLA."

## III.

## CAUSES OF ACTION

### COUNT ONE:
### ADA - Associational Discrimination

10.     The Americans with Disabilities Act protects employees from discrimination based on their relationship or association with an individual with a disability. 42 U.S.C. 12112(b)(4).

11.     The ADA's definition of disability was substantially amended by the ADA Amendments Act of 2008, and it changes the definition from one that was very restrictive to one in which disability shall be construed in favor of broad coverage of individuals to the maximum extent.

12.     At all times relevant to this Complaint, Defendant was an employer within the meaning of the Americans with Disabilities Act, having at least 15 employees.

13.     Under the ADA as amended, Ms. Balderas' son suffers from a disability, as his condition substantially limits him in several major life activities.

14.     Defendant subjected Ms. Balderas to a prohibited act, i.e. termination, based on her association and relationship with her son, a person with a disability.

15.     Defendant's actions were undertaken with malice and/or reckless indifference to Ms. Balderas' federally-protected right under the ADA to be free from associational discrimination.

**COUNT TWO**
**Family and Medical Leave Act**

16.     The Family and Medical Leave Act prohibits an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).  At all times relevant to this Complaint, Defendant was an employer covered by the FMLA.  Prior to the start of her FMLA leave, Plaintiff had been employed by Defendant for at least 12 months and had worked at least 1,250 hours during the 12 months prior to the start of his FMLA leave.   The employer is one who employs 50 or more employees within a 75-mile radius of the worksite.

17.     Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

**IV.**

**DAMAGES**

18.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

**V.**

**COMPENSATORY DAMAGES**

19.    Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her association with a person with a disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

20.    The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## LIQUIDATED DAMAGES

21.    Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

22.    A prevailing party may recover reasonable attorneys' and experts' fees under the ADA and the FMLA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services,and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.

## JURY DEMAND

23.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.      The Court assume jurisdiction of this cause;

2.      The Court award Plaintiff damages as specified above;

3.      The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.      The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.      The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6.      The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.


Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF